IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:97CR269

JACKIE McCONNELL

MEMORANDUM OPINION

Jackie McConnell, a federal inmate proceeding with counsel, after receiving permission from the United States Court of Appeals for the Fourth Circuit, submitted this successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 81). McConnell argues that in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015), his guidelines sentence is unconstitutional. (Id. at 2.) The Government has responded. (ECF No. 87.) McConnell has replied. (ECF No. 88.) For the reasons set forth below, the Court will dismiss McConnell's § 2255 Motion as barred by 28 U.S.C. § 2255(h)(2) and as untimely.

I. PROCEDURAL HISTORY

McConnell pled guilty to possession with intent to distribute fifty (50) grams or more of cocaine base. (Presentence Report ("PSR") ¶¶ 1-2.) In the PSR, the probation officer found McConnell to be a career offender because the

offense of conviction was a controlled substance offense and McConnell had been previously convicted of two crimes of violence, which were two robbery convictions from New York. (Id. ¶¶ 15, 18, 25.) Because of his career offender designation, McConnell had a United States Sentencing Guidelines ("USSG") range of 262 to 327 months of imprisonment. (Id. ¶ 25.) On March 17, 1998, the Court sentenced McConnell to 262 months of imprisonment. At the time of his sentencing, the USSG were deemed mandatory. See United States v. Booker, 543 U.S. 220, 233 (2005).

By Memorandum Opinion and Order entered on April 24, 2001, the Court denied a 28 U.S.C. § 2255 motion filed by McConnell. (ECF Nos. 50, 51.) On June 27, 2016, the Fourth Circuit granted McConnell authorization to file this successive § 2255 Motion. (See ECF No. 79, at 1.) As discussed below, McConnell's claim is procedurally barred by 28 U.S.C. 2255(h)(2) and by 28 U.S.C. § 2255(f)(3) as untimely.

## II. ANALYSIS

### A. McConnell Fails To Satisfy The Standard For Successive § 2255 Motions

The Fourth Circuit granted McConnell pre-filing authorization to file a successive motion in this Court pursuant to 28 U.S.C. § 2255(h)(2). Under § 2255(h)(2), McConnell must demonstrate that his claim is based upon "a new rule of

2

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). In his § 2255 Motion, McConnell raises entitlement to relief based upon the following claim:

Claim One: "In light of Johnson, Mr. McConnell does not qualify as a career offender." (§ 2255 Mot. 5 (emphasis omitted and capitalization corrected).)

The Fourth Circuit's determination that McConnell satisfies § 2255(h) "is 'tentative in the following sense: the district court must dismiss the motion that [the Fourth Circuit has] allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.'" McLeod v. Peguese, 337 F. App'x 316, 324 (4th Cir. 2009) (quoting Bennett v. United States, 119 F.3d 468, 470 (7th Cir. 1997)). Thus, it is necessary to examine McConnell's claim and dismiss it, if the Court finds that it is barred under § 2255(h). See United States v. MacDonald, 641 F.3d 596, 604 (4th Cir. 2011) (citing United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)).

To satisfy 28 U.S.C § 2255(h)(2), McConnell must demonstrate: (1) the rule announced in Johnson v. United States, 135 S. Ct. 2551 (2015), constitutes a new rule of constitutional law that was previously unavailable; and (2) the Supreme Court has made the rule announced in Johnson retroactive to cases on collateral review. As explained below, McConnell

3

fails to satisfy these requirements because the Supreme Court has neither extended the rule in Johnson to Sentencing Guidelines challenges, nor made such an extension retroactive.

In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[1] In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule of law that has retroactive effect in cases on collateral review." Id. at 1268. McConnell now argues that Johnson invalidated the identically worded "residual clause" in United States Sentencing Guidelines ("USSG") § 4B1.2.[2]

---

[1] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[2] At the time of McConnell's sentencing, the definition of "crime of violence" read as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

4

However, after McConnell filed his § 2255 Motion, the Supreme Court, in Beckles v. United States, 137 S. Ct. 886 (2017), refused to extend Johnson's holding to the similar residual clause found in the advisory guidelines, USSG § 4B1.2(a)(2). See Beckles, 137 S. Ct. at 892; United States v. Lee, 855 F.3d 244, 246-47 (4th Cir. 2017) (citation omitted).

Despite the Supreme Court's explicit refusal to extend Johnson's holding to the Sentencing Guidelines, McConnell argues that Beckles only applied to the advisory Sentencing Guidelines, and his mandatory, pre-Booker sentence as a career offender is unconstitutional under Johnson and Welch. He argues that Johnson invalidated the identically worded "residual clause" in USSG § 4B1.2, and because robbery is not an enumerated offense in § 4B1.2 and because New York robbery fails to satisfy the force clause of that guideline, he no longer has two predicate "crimes of violence" to find him a career offender. (§ 2255 Mot. 5.) However, McConnell's attempt to utilize Johnson as a means around the procedural roadblock of § 2255(h)(2) fails.

---

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another.**

USSG § 4B1.2 (1998). The bolded portion above is identical to the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(iii) that Johnson invalidated.

Contrary to McConnell's suggestion, Johnson's holding applies to individuals sentenced pursuant to ACCA, rather than individuals such as McConnell who were sentenced under § 4B1.1 of the then-mandatory Sentencing Guidelines. See Mitchell v. United States, No. 3:00-CR-00014, 2017 WL 2275092, *1, *5 n.5 (W.D. Va. May 24, 2017); cf. United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) (citation omitted) (explaining that "Johnson only recognized that ACCA's residual clause was unconstitutionally vague" and "it did not touch upon the residual clause" of the Sentencing Guidelines). Accordingly, because Johnson fails to extend to McConnell's sentence pursuant to the Sentencing Guidelines, he fails to satisfy the requirements of § 2255(h)(2). Thus, McConnell's § 2255 Motion is an improper, successive motion under § 2255(h)(2).

**B. McConnell's § 2255 Motion Is Untimely**

Even if McConnell's § 2255 Motion was not an improper, successive § 2255 motion, it would also be barred by the statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). McConnell argues that his § 2255 Motion is timely under § 2255(f)(3). (Reply 2-3, ECF No. 88.)

In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." Dodd v. United States, 545 U.S. 353, 358-59 (2005).

7

McConnell argues that Johnson announced a newly recognized right that the Supreme Court has made retroactively applicable to cases on collateral review, and that right extends not just to ACCA sentences, but also to his sentence under the Sentencing Guidelines. McConnell contends that he "need only rely on Johnson for his motion to be timely under § 2255(f)(3). There need not be a separate Supreme Court decision specifically applying Johnson to mandatory guidelines." (Reply 3.) Thus, in essence, rather than relying on the rule of Johnson, McConnell seeks the creation of a second new rule extending Johnson to the mandatory Sentencing Guidelines.

> Regrettably for [McConnell], the Supreme Court did not recognize such a right in Johnson. While Johnson did announce a retroactively applicable right, Welch v. United States, [136 S. Ct. 1257, 1265] (2016), Johnson dealt only with the residual clause of ACCA- a federal enhancement statute . . . . Johnson did not discuss the mandatory Sentencing Guidelines' residual clause at issue here . . . .

Brown, 868 F.3d at 302. The "right asserted" in Johnson is not the same right that McConnell seeks to assert in this case. As previously discussed, Johnson's holding was limited to those individuals sentenced under ACCA and it did not touch upon the residual clause found in the Sentencing Guidelines. See Brown, 868 F.3d at 302. Johnson does not apply to McConnell's sentence under USSG § 4B1.2, he may not utilize Johnson to make his § 2255 Motion timely under § 2255(f)(3). See Brown, 868 F.3d at 303-04 (refusing to extend Johnson to invalidate a career

8

offender sentence under the mandatory guidelines and finding such a challenge untimely). Accordingly, McConnell's § 2225 Motion is also untimely and must be dismissed.

### III. CONCLUSION

For the foregoing reasons, McConnell's § 2255 Motion (ECF No. 81) will be denied as barred by 28 U.S.C. § 2255(h)(2) and by 28 U.S.C. § 2255(f)(3). The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 25, 2017